## SUPREME COURT.

### CHARLES BARTOW agt. LEVI C. CLEVELAND.

An action for the foreclosure of a mortgage belongs to that class of cases in which *costs* may be allowed or not, in the discretion of the court; but when allowed the items are specified by the Code, (§ 307.)

And the defendant has no right in such a case to make and plead a *tender* under the Revised Statutes. Such right is confined to actions at law.

There is no provision made for settling the costs in those cases in which the allowance is in the discretion of the court.

Therefore, in a foreclosure case, where the defendant wishes to pay the mortgage debt and costs *before judgment*, he may offer to pay the amount due upon the mortgage, and such costs as he may think proper, and upon a refusal to accept the amount, he may apply to the court for leave to pay the amount due, and such costs as the court may in its discretion allow, and the court should entertain the application, and permit the payment fixing the costs, and upon the payment being made order a discontinuance or stay of the action as may be proper.

As to *extra allowance* the Code allows it upon the *recovery of judgment* only. But in a case of this kind, the court must proceed upon entire principles of equity. And as it is equitable that the defendant should be permitted to pay and put an end to the action, and having no legal right to do so before judgment, the court should grant his motion upon equitable terms.

Those terms (if the court should allow costs) would be the payment of the items of costs, as specified in the Code, for particular services, so far as they had been rendered, and an extra allowance or such portion of it as should be equitable and just.

If the attorney for the plaintiff and the defendant settle the action upon such terms as the court would direct, such settlement will be valid and binding.

*Eighth District, General Term,* 1858.

ACTION upon a promissory note. The action was tried by

the court without a jury, and the facts were agreed upon and submitted by stipulation. A brief statement of facts will present the question. The plaintiff is an attorney of this court, and commenced an action in April, 1857, against the defendant to foreclose a mortgage, upon which there was due $760. The defendant appeared by an attorney, upon whom a copy of the complaint was served, and some time after that, the defendant called upon the plaintiff for the purpose of settling the action. The plaintiff made out the bill of costs, claiming a per centage of 10 per cent. upon $200, and 5 per cent. upon the next $400, and 2 per cent. on the remaining $160, amounting in all to $43.20.

The plaintiff claimed that he was entitled to this sum as per centage, but consented to remit $16.04 from the bill as a matter of favor, and this was done, and the defendant gave the note in question including $27.16 of the per centage claimed. The defendant offered to let the plaintiff take judgment for the amount of the note less the $27.16 to be deducted as of the date of the note. The plaintiff declined this. The court decided that to the extent of $27.16, the note was without consideration and void in the hands of the plaintiff, and gave judgment accordingly.

BARTOW & OLMSTED, *for plaintiff.*
WAKEMAN & BRYAN, *for defendant.*

By the court—MARVIN, Justice. The question here presented is not without its embarrassments. The action belonged to that class of cases in which costs may be allowed or not, in the discretion of the court. (*Code*, 306.)

It is not a case in which the defendant had a right to make and plead a tender, under the Revised Statutes, (2*d Vol.* 553 ;) such right is confined to actions at law ; (9 *How.* 398 ; *Thurston* agt. *Marsh*, 14 *How.* 572 ;) nor is it a case where the plaintiff had a right to the additional allowances, as provided in § 308 of the Code, as no *judgment had been recovered.* (*Pratt* agt. *Conkey*, 15 *How.* 27.) Indeed, he had no legal right to

any costs, as the allowance of costs was in the discretion of the court. (*Code,* § 306; *Pratt* agt. *Ramsdell,* 16 *How. Pr. R.* 60.) But when the costs are allowed, the items are specified by the statute. (*Code,* § 307.)

No provision is made for settling those cases in which the allowance of costs is in the discretion of the court. By section 322, provision is made in reference to costs upon a settlement before judgment, in the actions mentioned in section 304. That section relates to those actions known as actions at law, in which the allowance of costs is not discretionary in the court.

What then should be the practice in a case like the present? The defendant wishes to pay the mortgage debt before judgment, and is willing to pay costs. There is no statute giving the attorney an abstract right to any costs, nor is there any statute giving to the defendant the right to tender the amount due with or without costs. (*The New - York Fire and Marine Ins. Co.* agt. *Burrell,* 9 *How.* 398.) This was a foreclosure case, and the defendant made a tender before judgment. The plaintiff proceeded to judgment, and then applied to the court for an additional allowance, which was granted. The defendant cannot then by a tender arrest the plaintiff in proceeding to judgment, and thus deprive him of his rights relating to costs or an additional allowance. I say rights *relating* to costs, as those rights depend upon the discretion of the court. I suppose, however, if the court under § 306, allows costs to the plaintiff, then he will be entitled to the per centage as given by § 308, as that section reads, "In *addition* to those allowances there *shall* be allowed to the plaintiff upon the recovery of judgment by him," &c.

I think in a case like the present, the defendant may offer to pay the amount due upon the mortgage, and such costs as he may think proper, and upon a refusal to accept the amount he may apply to the court for leave to pay the amount due, and such costs as the court may in its discretion allow, and that the court should entertain the application and permit the payment fixing the costs, and upon the payment being made order a discontinuance or stay of the action, as may be proper.

Bartow agt. Cleveland.

(*See Thurston* agt. *Marsh*, 14 *How.* 572.) I also think the parties may settle the action. The attorney may make out the costs by items, following the fee bill, and the defendant may pay such costs, and if the costs so paid are no more than the court would upon application allow, such payment will not be disturbed. As to any claim for an additional allowance there may be more difficulty, as the plaintiff is only entitled by the statute to such allowance upon the recovery of judgment. My opinion proceeds, however, upon entire principles of equity. It is equitable that the defendant should be permitted to pay and put an end to the action. But having no legal right to do this before judgment, he is obliged to come into court and ask its equitable interference. He asks for a favor, and the court may grant his motion upon equitable terms. Those terms, if the court should allow costs, would be the payment of the items of costs as specified in the Code, for particular ser· vices so far as the services had been rendered, and as to an additional allowance, I think the court would have the right also to impose as terms the payment of these allowances, or such portion of them as the court should deem equitable and just.

The allowance as provided by the Code, is not for any par· ticular service, but in the language of CLERKE, Justice, "it is made for services performed throughout the prosecution of the action, rather than for services rendered at any particular stage of it." And if the plaintiff is entitled to such allowance after judgment, it is highly equitable that he should have a portion of it when the action is settled before judgment. The right to impose such terms rests, I admit, upon the equitable powers of the court, and not upon the statute. But the court would be greatly influenced by the statute as to the amount it would require to be paid, as the condition upon which the defendant would be released.

The order would of course be conditional, and if the defend· ant should not choose to avail himself of it, the action would proceed to judgment, when the plaintiff would be entitled to the per centage allowance, in case the court in its discretion

allowed costs, which is almost a matter of course in a mortgage foreclosure case.

It must be kept in mind that the defendant has no absolute right by which he can arrest the action before judgment. The plaintiff has the right to proceed to judgment, unless he is stopped by an order of the court. It is a general principle in equity, that when parties do what a court of equity, upon application would direct to be done, the court will sanction and sustain the thing done. If the attorney for the plaintiff and the defendant settle the action upon such terms as the court would direct, I do not see why such settlement and arrangement should not be valid and binding. In all such settlements it will be incumbent upon the attorney that he see to it that no advantage be taken of the defendant, and that no greater sum be taken than the court upon an application would allow, as the question will be open to an examination by the court, upon the application of the defendant.

In the present case, the per centage as provided by the Code after judgment, amounted to $43.20, from this sum $16.04 were abated, leaving $27.16, which was included in the note. After examining the facts, I am satisfied that the amount claimed and included in the note, was no more than reasonable, and no more as I think, than the court would have allowed. as terms upon which an order as above indicated, would have been made upon the application of the defendant. In my opinion, the court upon the trial of this cause, should have sanctioned the settlement and directed judgment for the amount of the note. The judgment should be reversed, and a new trial should be had, costs to abide the event unless the defendant shall stipulate that the plaintiff take judgment for the amount of the note. If he shall so stipulate, then judgment to be entered accordingly, without costs to either party upon this appeal.

Justice GROVER dissented.