EDWARD L. LEWIS, Respondent, *v.* JOSEPHINE M. ROBINSON and Others, Appellants.

*Costs — what tender is required on an application by a grantee of a mortgagor for an order staying a foreclosure of the mortgage.*

Where a mortgagee brings an action to foreclose the mortgage without previous personal demand for the payment of the mortgage debt and refuses a tender by the mortgagor of the amount of the principal and interest of the mortgage without costs, the court is justified in refusing to entertain a motion made by a grantee of the mortgagor for an order that the plaintiff is not entitled to costs, and staying the proceeding unless the plaintiff accepts the amount of principal and interest due on the mortgage where no offer is made to pay such costs as the court may allow.

APPEAL by the defendants, Josephine M. Robinson and others, from an order of the Supreme Court, made at the Kings County Special Term, bearing date the 22d day of August, 1902, and entered in the office of the clerk of the county of Nassau, denying the defendant's motion for an order declaring that the plaintiff is not entitled to costs.

*P. M. Brown,* for the appellants.

*Henry A. Powell* and *James C. Foley,* for the respondent.

HIRSCHBERG, J.:

This action is brought to foreclose a mortgage upon certain real estate in Nassau county, given by the defendant William G. Pine Coffin on the 15th of March, 1901. The defendant Josephine M. Robinson is the subsequent grantee of the property. The mortgage matured in March, 1902, and in July following the action was begun without previous personal demand for its payment. The defendants thereafter tendered to the plaintiff and to his attorneys the sum of $2,050 in cash, the amount of the principal and interest of the mortgage, without costs, but the tenders were refused, whereupon this motion was made upon an order requiring the plaintiff to show cause " why an order should not be entered declaring that the plaintiff is not entitled to the costs in said foreclosure suit, and staying the proceedings herein, unless the plaintiff accepts the sum of $2,050 and cancels the said mortgage, and why the plaintiff should not pay the costs of this motion." The appeal is from an order denying the motion.

The defendants' practice is based on the decisions in *Pratt* v. *Ramsdell* (16 How. Pr. 59) and *Bartow* v. *Cleveland* (Id. 364). The scope of the remedy is well expressed by Mr. Justice MARVIN in the latter case at page 366, as follows : " I think in a case like the present the defendant may offer to pay the amount due upon the mortgage and such costs as he may think proper, and upon a refusal to accept the amount he may apply to the court for leave to pay the amount due and such costs as the court may in its discretion allow, and that the court should entertain the application and permit the payment fixing the costs, and, upon the payment being made, order a discontinuance or stay of the action as may be proper."

The defendants did not offer to pay any costs when the tenders were made, and, what is probably of more importance, in the motion papers do not offer or agree to pay such costs as the court in its discretion may allow. The application is not to have the court fix the amount of costs to be allowed the plaintiff, if any, accompanied by an offer to pay the costs if any are allowed, but it is an application

in terms for an order only determining that the plaintiff is not entitled to any costs, and it is made upon papers which clearly suggest that the defendants do not desire a discontinuance of the action in case costs are imposed. The motion was, therefore, properly denied. The court should not be called upon to adjust costs on a settlement without the expressed willingness of a litigant to pay them, and it would not, therefore, have been justified in entertaining the motion under the circumstances as one made within the spirit of the decisions cited.

If the defendants are really desirous of procuring a discontinuance of the action upon the payment of the debt and interest with such costs as the court in its discretion may allow, the motion must be submitted in such form as to permit the exercise of discretion by the court.

The order should be affirmed.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.