## MOORE v. LE MAIRE et al.

(Supreme Court, Appellate Division, Second Department.   July 30, 1915.)

1. MORTGAGES �köö183—PRIORITIES—NOTICE OF INCUMBRANCE.

The purchaser of realty understood that the premises were subject to a mortgage for $2,500, and that she bought subject to such mortgage, and received an abatement on the price to the amount. Upon inquiry of the owner after the conveyance she was informed that the interest on the mortgage must be paid to M., and thereafter so paid interest for some years.  M.'s mortgage for $2,500 had been given by the owner to secure funds to take up a prior mortgage on the property, which still appeared of record as unsatisfied, while M.'s mortgage, through the neglect of her attorney, had not been recorded. *Held*, that the purchaser was estopped to question the legality of M.'s incumbrance, or her lien thereunder, since the purchaser had actual notice of a mortgage to the amount of M.'s mortgage; it not being necessary that a buyer have express notice of any unrecorded instrument, but notice of any fact calculated to put him on inquiry is sufficient, in the absence of explanation, to charge him with notice of all instruments which inquiry would have disclosed.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 442–445, 447, 448; Dec. Dig. ⊛ööö183.]

2. MORTGAGES ⊛ööö174—GOOD FAITH PURCHASER—NOTICE OF INCUMBRANCE.

*Held*, that the purchaser could not be regarded as a subsequent purchaser in good faith for valuable consideration without notice of M.'s mortgage, since she took with notice that there was a mortgage for the amount on the premises, took conveyance subject thereto, and received an allowance therefor on the purchase price, thereafter recognizing the mortgage as held by the plaintiff by payment of interest thereon.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 413–416; Dec. Dig. ⊛ööö174.]

3. APPEAL AND ERROR ⊛ööö984—QUESTIONS REVIEWABLE—ALLOWANCE OF COSTS.

The award of costs and an allowance in an action brought to clear a complication and foreclose a mortgage on realty, although within the discretion of the trial court, was reviewable on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3815, 3881–3888; Dec. Dig. ⊛ööö984.]

4. APPEAL AND ERROR ⊛ööö984—COST—PROPRIETY OF ALLOWANCE—DISCRETION OF COURT.

In an action to clear a complication and foreclose a mortgage on realty, where the purchaser of such realty, a defendant, did not confine herself to the legitimate contention that the complication was caused by the default of plaintiff's former attorney, and that any obligation of the purchaser to the plaintiff should be determined by the court, but denied the validity of plaintiff's mortgage itself, it could not be said on appeal that the trial court erred in its discretion in awarding costs and an allowance in favor of plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3815, 3881–3888; Dec. Dig. ⊛ööö984.]

Appeal from Special Term, Kings County.

Action to clear a complication and foreclose a mortgage on realty by Kate Moore against Joseph Le Maire and others.  Judgment for plaintiff, and defendant Catherine Hanley appeals.  Affirmed.

Argued before JENKS, P. J., and THOMAS, MILLS, RICH, and PUTNAM, JJ.

⊛ööö For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John R. Halsey, of New York City, for appellant.
Charles Coleman Miller, of New York City, for respondent.

JENKS, P. J. The action is brought to clear a complication and to foreclose a mortgage of $2,500 on real estate. Of the defendants, Hanley alone answered. She is the owner of the mortgaged premises, which she bought from Le Maire, who was the mortgagor. When Hanley bought, she was aware that there was a mortgage upon the premises for $2,500, and she intended to take the premises subject to such a mortgage. The conveyance to her recited that the premises were "sold subject to a certain mortgage for the sum of $2,500, now a lien thereon," and the court found that $2,500, the amount of plaintiff's mortgage, was deducted from the purchase price, and she paid interest regularly for several years on such a mortgage, as a lien upon her premises and in accord with her undertaking. Some years before Hanley's purchase, the said Le Maire had made a mortgage to Killough for $2,500. When it fell due, Killough sought payment; and thereupon Le Maire lifted the mortgage. For this purpose Le Maire made the present mortgage to the plaintiff Moore. Killough was paid, and executed a satisfaction piece and an assignment, which were delivered to Price, then the plaintiff Moore's attorney. Price did not record the satisfaction piece, the assignment, or the new mortgage. Price was a wrongdoer, and when ultimately his doings were brought to light these omissions were discovered. The mortgage was taken from him and then recorded, but this was 10 years after the purchase by Hanley and the record of her conveyance. Price could not or did not produce the satisfaction piece or the assignment.

The complication that arose from Price's misconduct was that Killough's mortgage was still of record, the satisfaction piece and assignment could not be found, and the present mortgage had been recorded but recently. It did not appear that Killough made any claim, or that he denied the discharge, or the execution and delivery of the instruments of discharge. It did not appear that any rights had been or could be asserted by any third party as the result of Price's omission to record any of these instruments. There was no question as to the actuality and the bona fides of the plaintiff's mortgage. There was no dispute as to the facts between the plaintiff and Hanley, but their respective counsel could not agree upon the procedure to clear the complication. Hanley took the position that, as the complication was due to the misconduct of Price, the duty, labor, and expense of clearing it was upon the plaintiff, and that her counsel should be compensated in a stated sum for co-operation. The plaintiff contended that, while she was prepared to carry on the proceeding, Hanley ought to co-operate, and, when the parties could not agree even upon the procedure, seems to have threatened foreclosure, inasmuch as Hanley, after discovery of the complication, refused to pay any further interest moneys until the complication was cleared away.

The plaintiff on her part suggested an extension of the mortgage which was due, upon certain conditions which were not acceptable, and a counter proposition of Hanley was rejected. Hanley then took the position that, if the plaintiff proceeded to foreclose, she would defend

with assertion of all legal rights that had accrued to her. Finally, this action was brought against Le Maire, Hanley, Killough, the register of Kings, and two tenants, whereby the plaintiff sought to cancel Killough's mortgage of record upon the ground that it had been discharged by payment long prior to Hanley's purchase, and to foreclose plaintiff's mortgage. Hanley answered with denials and the defense that, at the time of her purchase, the conveyance thereon, and the record thereof, she had no knowledge or information of the existence of plaintiff's mortgage described in the complaint, and that by failure of its record until subsequent to the record of her conveyance it was void and not a lien. The Special Term gave judgment for full relief, and Hanley appeals.

If Hanley is sustained, then, as incident to her legal right, she incidentally receives a gratuity of $2,500 out of the pocket of the plaintiff. On the other hand, a judgment for the plaintiff casts no additional burden upon Hanley, for the premises are incumbered in the amount that Hanley contemplated when she made her purchase, and allowance was made of that amount for her benefit in her purchase. Hanley does not contend, and it does not appear, that any harm has been done to her, or that there is any threat of harm, in consequence of Price's omission to record any of the instruments executed by Killough or the mortgage to the plaintiff; and, on the other hand, the present judgment is for her assurance in this respect.

[1, 2] I think that Hanley is estopped from questioning the legality of the incumbrance or the lien of the plaintiff's mortgage. She understood that the premises were subject to a mortgage for $2,500, and she bought them subject to such a mortgage; and within 10 days after the conveyance to her she was informed, upon inquiry of Le Maire, that the interest on the mortgage must be paid to the plaintiff, Moore, through her counsel, Price, and thereupon and thereafter for several years Hanley thus paid interest upon the plaintiff's mortgage. See Thomas on Mortgages (2d Ed.) § 520; Jones on Mortgages (6th Ed.) § 575; Wiltsie on Mortgage Foreclosure, § 460. I think that the mortgage is not void as to Hanley perforce of its record after the conveyance to Hanley and its record. Hanley relies upon section 291 of the Real Property Law (Consol. Laws, c. 50). But Hanley had actual notice of an incumbrance and a lien by mortgage in the amount of plaintiff's mortgage. Butler v. Viele, 44 Barb. 166; Lamont v. Cheshire, 65 N. Y. 30, 40, et seq.; Dingley v. Bon, 130 N. Y. 607, 29 N. E. 1023. The answer to the contention that Hanley did not know the particulars thereof is that:

"It is not necessary to show express notice of the particular instrument, but notice of any fact calculated to put a party upon inquiry is, in the absence of explanation, sufficient to charge him with notice of all instruments which an inquiry would have disclosed. The degree of notice required is, in the language of the authorities, such as 'would lead any honest man using ordinary caution to make further inquiries.'"

See Thomas on Mortgages, §§ 515, 516, and authorities cited; Jones on Mortgages (6th Ed.) § 574; Wiltsie on Mortgage Foreclosure, supra.

Hanley satisfied herself by inquiry of Le Maire only, and thereupon, as I have said, recognized the mortgage of the plaintiff by payment to her of interest regularly, and for a long period. Moreover, I think that under the circumstances of this case Hanley should not be regarded as a subsequent purchaser in good faith and for a valuable consideration with respect to plaintiff's mortgage; for she purchased with notice that there was a mortgage in such amount upon the premises, took conveyance thereof subject to such mortgage, received an allowance therefor upon her purchase price; and thereupon recognized the mortgage as held by the plaintiff, by payment of interest thereupon. The only feature of this case that takes it out of the ordinary purchase subject to a mortgage is the fact that, unknown to all parties, including Hanley, Killough's mortgage remained of record, apparently undischarged, and plaintiff's mortgage had not been recorded. None has been harmed, and none can be, in any event, after this judgment.

[3, 4] But Hanley complains that the judgment is increased by costs and an allowance. While this matter was within the discretion of the Special Term, it is not free from our scrutiny. Hanley was not blamable for insistence that the complication caused by plaintiff's former attorney, Price, should be cleared away by the plaintiff, and any obligation to the plaintiff be determined, defined, and declared by the courts. And if her appearance and resistance in this action had been limited to such contention, then her complaint against the costs and the allowance might be cogent. And even after the suit was brought she might have had her remedy by application to the court under the authority of Lewis v. Robinson, 78 App. Div. 579, 79 N. Y. Supp. 607, wherein was approved the rule of Bartow v. Cleveland, 16 How. Prac. 364. But Hanley denied and litigated the validity of the mortgage itself, and we cannot say that the Special Term erred in its discretion when it awarded costs and an allowance.

The judgment is affirmed, with costs. All concur.