JOHN E. CORNWELL et al., Respondents-Appellants, v. SAFECO INSURANCE COMPANY OF AMERICA, Appellant-Respondent. (Appeals Nos. 1 and 2.)

MARY E. SACCO, as Administratrix of the Estate of JOSEPH E. SACCO, Deceased, Respondent, v. JOHN E. CORNWELL, Individually and as Copartner, et al., Appellants. (Appeal No. 3.) (And Four Other Actions.)

Fourth Department, July 6, 1973.

128

*Costello, Cooney & Fearon* (*Bruce B. Roswig* of counsel), for appellant-respondent.

*Bond, Schoeneck & King* (*John J. Dee* of counsel), for respondents-appellants.

*Richard C. Mitchell* for Mary E. Sacco and another.

*Kirke M. White* for Barbara Keefe.

*Joseph A. Volotta* for Michael Bodwitch and another.

*Rauch, Gordon & Huffman* for Chrysler Motors Corp.

*Amdursky & Hurlbutt* for Lewis Goodman, Inc.

MOULE, J. We have before us appeals from judgments and orders in two separate but related cases. The first is a negligence action in which plaintiffs, the Joseph E. Sacco estate (Sacco), the Edwin T. Keefe estate (Keefe) and William R. Pelin (Pelin) were awarded damages totaling $249,308.50 against defendants Michael Bodwitch (Bodwitch), John E. Corn-

well (Cornwell), Joseph P. Ross Agency, Inc. (Ross) and Koski Agency, Inc. (Koski). The second is an action by Cornwell and Ross against Bodwitch's insurance carrier, Safeco Insurance Company of America (Safeco), to recover the amount of a judgment recovered in the first action in excess of Safeco's policy limits based on its providing them with an inadequate defense of their interests in the first case.

The actions arose out of an accident which occurred on January 20, 1967 when an automobile owned and operated by Sacco, in which Keefe and Pelin were passengers, collided on his side of the road with one owned and operated by Bodwitch, who was alone. Sacco and Keefe were killed and Pelin injured. In March, 1967, when the actions were brought by Sacco, Keefe and Pelin, Safeco retained an attorney to represent Bodwitch.

On November 10, 1967 at an examination before trial Bodwitch testified that at the time of the accident he was on the business of Cornwell, his partner in a real estate holding, and also on the business of Ross and Koski. Subsequently, Cornwell and the agencies were named as additional defendants and Safeco, under the provisions of its policy with Bodwitch, which in addition to providing coverage for him also provided coverage for any other person legally responsible for the use of his car, retained the same attorney who was defending him to represent them. The answer interposed on behalf of the defendants admitted the existence of a partnership between Bodwitch and Cornwell but denied that Bodwitch was operating his vehicle on the business of Cornwell and the two agencies.

Later, Bodwitch brought suit, alleging negligence and breach of warranty, against Chrysler Motors Corporation (Chrysler), the manufacturer of the car he was driving, and Lewis Goodman, Inc. (Goodman), its seller. The plaintiffs Sacco, Keefe and Pelin also added Chrysler and Goodman as defendants in their actions.

The cases were tried in the winter of 1969. At that time, Bodwitch, called by plaintiffs in the suit against him, testified, as he had at the examination before trial, that at the time of the accident he was operating his automobile on the business of his three codefendants. This testimony was received without objection or cross-examination by the attorney who was representing him and the other defendants, and no contradictory testimony was offered. Cornwell, the only other person who knew of the events of January 20, 1967 preceding the accident, and whether he and Bodwitch had a real estate partnership and whether Bodwitch was on its business and/or that of the Ross Agency on that day, was not called to testify.

Consequently, on the basis of Bodwitch's uncontradicted testimony, the Trial Judge instructed the jury that Bodwitch was on the business of the other defendants and any verdict against him would be applicable against them also. Safeco's attorney took no objection to this charge.

The jury returned a verdict in favor of Sacco for $125,204.50, of Keefe for $113,839 and of Pelin for $10,265, totaling $249,308.50 against all defendants except Chrysler and Goodman and one of no cause of action in Bodwitch's suit against Chrysler and Goodman. On March 11, 1969 judgment was entered upon the verdict.

Safeco determined not to prosecute an appeal and paid its policy into court, resulting in a partial satisfaction of the judgment to the extent of $101,816.86, leaving a balance of $147,491.64 for which Bodwitch, Cornwell, Ross and Koski were liable. Safeco then withdrew from the case, rejecting Cornwell's demand that it appeal the judgment. Cornwell and Ross retained their own counsel and on appeal the judgment in favor of the plaintiffs was affirmed by this court in *Sacco* v. *Bodwitch* (34 A D 2d 885, mot. for lv. to app. den. 27 N Y 2d 484).

In February, 1970, Cornwell and Ross commenced an action against Safeco to recover the amount of the excess judgment, alleging: first, that Safeco did not negotiate in good faith and did not exercise due care; second, that Safeco's retainer of one attorney in the negligence case to represent all defendants resulted in a conflict of interests; third, that Safeco's refusal to prosecute the appeal neglected the interests of Cornwell and Ross and forced them to expend their own funds for counsel; fourth, that Cornwell's credit was damaged and that he sustained physical and mental anguish as a result of the excess judgment and, fifth, that Ross sustained loss of credit.

At the trial, Cornwell testified that he and Bodwitch were tenants in common of the building occupied by Ross but they were not partners. He said that he asked Bodwitch to come to Oswego on January 20, 1967 to discuss a prospective tenant and the remodeling of a room, and at 1:30 P.M. when Bodwitch arrived at the building, they looked at the room and decided to obtain estimates for the necessary work. They then went to lunch and each had three drinks before and three drinks after lunch; the building was not discussed. They then went to the Ross Agency office where Cornwell attended to some business. Bodwitch read the newspaper for a while and left for Fulton about 5:30 P.M.; they did not discuss Ross or Koski at all that day.

Cornwell further testified that after the accident he was interviewed by a Safeco claims adjuster and told him what occurred

at the meeting with Bodwitch before the accident and that, when he was served with the summons and complaint, he informed Safeco's claims adjuster that the allegations of the complaint were untrue. In March, 1968 he told Safeco's attorney that he and Bodwitch were tenants in common of a building but were not partners and that there had been no discussion about Ross or Koski business on the day of the accident; he also told him the number of drinks Bodwitch had before the accident. He did not see Safeco's attorney again, except casually, until the time of trial when the attorney told him he would not have to testify and that the actions against him would be dismissed. He said he was present when Bodwitch testified and that he told Safeco's attorney that Bodwitch was lying "about being on my business" and was told to calm down, that it would not be necessary for him to testify, that plaintiffs had a strong case against Chrysler and he would be out of it. He continued to attend the trial and was not called as a witness. No one objected on his behalf to Bodwitch's testimony; no one cross-examined Bodwitch on his behalf. He hired his own counsel to take an appeal.

Safeco's division claims supervisor admitted that it knew Cornwell denied Bodwitch's claim that he had been on Cornwell's business but admitted that Safeco had no intention of calling Cornwell as a witness and that no consideration was given to hiring separate counsel.

Safeco's attorney stated that the answer interposed on behalf of Cornwell and the two agencies admitted the partnership and denied that Bodwitch was on the business of Cornwell and the two agencies. He admitted that he had prepared the answer before conferring with Cornwell about the allegations in the complaint. He also stated that on February 28, 1968 [more than one year after the accident], Bodwitch told him for the first time about an alleged steering defect in his vehicle. He said that Bodwitch told him Cornwell was his partner. He did not confer with Cornwell about trial strategy nor tell him why he was not going to be called to testify. Cornwell told him there had been no business discussion concerning Ross or Koski on the day of the Bodwitch accident and that, during the trial, Cornwell told him he did not want to sit there and listen to Bodwitch lie. He did not discuss the conflict between the position taken by Bodwitch and that of Cornwell and the advisability of Cornwell having separate counsel.

An attorney testifying for Cornwell as an expert witness concerning Safeco's defense of the actions against Cornwell and Ross, said that Safeco had not exercised reasonable care and

proper conduct in retaining one attorney to represent Bodwitch and the others. He also stated that it was not good practice to admit a partnership between Bodwitch and Cornwell, which was done by Safeco's attorney, not good practice to fail to put Cornwell on the stand to contradict Bodwitch's testimony, and not consistent with good practice to refrain from cross-examining Bodwitch on Cornwell's behalf.

Bodwitch testified that he never was a partner of Cornwell and that, if he had ever referred to Cornwell as his partner, it was merely a " figure of speech ", that he was not on the business of Cornwell, Ross or Koski at the time of the accident and that he testified as he had in the Sacco, Keefe and Pelin actions because of a misunderstanding.

At the close of all the testimony, a motion made by defendant to dismiss the first cause of action and also the fourth and fifth causes of actions so far as damages for loss of credit were concerned was granted and an order of dismissal and a judgment based thereon which awarded Safeco costs of $514.60 were entered on June 15, 1972. Cornwell and Ross appeal from that order and judgment. Subsequently, the court reconsidered the award of costs and an order was entered on January 12, 1973 vacating such award and denying Safeco's application to vacate the parts of the May 25, 1972 order and judgment awarding costs to plaintiffs. Safeco appeals from that order.

The jury found a verdict in favor of Cornwell and Ross for $182,060.03, the amount of the excess judgment plus interest, and for $5,358.91, the fees and expenses of an attorney retained for the appeal, totaling $187,418.94, and also awarded Cornwell $8,000 for mental and physical anguish. Judgment was entered upon the verdict on May 25, 1972. Safeco moved to set aside the verdict on the grounds it was against the weight of the evidence and because of errors of law. The motion was denied by order of the court entered on June 15, 1972. Safeco appeals from both the judgment and order.

On the basis of the change in testimony by Bodwitch, Safeco, while the trial of the Cornwell and Ross suit was still proceeding, with Bodwitch, Cornwell, Ross and Koski joining in its motion, moved to vacate the judgments in the first case in favor of Sacco, Keefe and Pelin against Cornwell and the two agencies, upon grounds of newly-discovered evidence, mistake and surprise, and in the interests of justice. The motion was not heard, however, until after the case was completed. It was denied and Safeco appeals from the order of denial.

SACCO V. BODWITCH

We shall first consider the question presented on the appeal from the court's refusal to grant a new trial, in whole or in part, in the first case on the ground of newly-discovered evidence. CPLR 5015 (subd. [a], par. 2) provides:

" the court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of: * * *

" 2. newly-discovered evidence which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial under section 4404 ".

The motion for a new trial on the ground of newly-discovered evidence was addressed to the trial court's discretion, and such a motion should be decided on the factual background of the case (*Wittemeyer* v. *Martin,* 32 A D 2d 597, 598; *Knapp* v. *Gougoen,* 24 A D 2d 911; *Collins* v. *Central Trust Co. of Rochester,* 226 App. Div. 486, 487). To obtain relief from a judgment under CPLR 5015 (subd. [a], par. 2), Safeco had to show that the newly-discovered evidence was material, was not merely cumulative, was not of such a nature as would merely impeach the credibility of an adverse witness, would probably change the result if a new trial was granted, had been discovered since the trial and could not have been discovered before the trial by the exercise of due diligence (*Cizler* v. *Cizler,* 19 A D 2d 819, 820; *Amalfi* v. *Post & McCord,* 250 App. Div. 408, 413–414; *Collins* v. *Central Trust Co. of Rochester, supra,* pp. 487–489).

Bodwitch's testimony during the Cornwell trial that, at the first trial, he mistakenly called his relationship with Cornwell a partnership and that he was not in fact on Cornwell's or Ross' business at the time of the accident, was not cumulative nor did it merely serve to impeach his own credibility for it was material to the issues and would probably have changed the result had a new trial been granted.

However, the attorney retained by Safeco had, at the time of the first trial, both the opportunity and the means to show, on behalf of Cornwell, Ross and Koski, that Bodwitch's testimony was false or in error and defendants and their insurer were chargeable with lack of diligence in failing to introduce evidence on behalf of Cornwell and Ross to rebut Bodwitch's claim of being on their business at the time of the accident. There was ample opportunity, between January, 1968 when Cornwell and the two agencies were added as defendants and February,

1969, when the first trial began, to ascertain the facts upon which the allegation of their liability was based and to gather such available evidence as would support the denial of such allegation. At the trial itself, Cornwell was not called by his counsel, who also represented Bodwitch, although his testimony denying the existence of a partnership or that Bodwitch was on his or Ross' business would have presented a jury question concerning his and Ross' liability, nor was any attempt made by his counsel to cross-examine Bodwitch on Cornwell's behalf. "Lack of diligence is shown by a failure to make inquiry of persons who were likely to know the facts in question, and this is especially plain where it appears that information was not sought from coparties. Likewise, a failure to exercise diligence is shown where it appears that the extent of a witness' knowledge of facts was not ascertained while he was on the stand." (58 Am. Jur. 2d, New Trial, § 169.) Since Safeco failed to exercise the requisite diligence, the court did not abuse its discretion in denying the motion for a new trial upon the ground of newly-discovered evidence.

Safeco's motion also alleged the grounds of "mistake and surprise, and * * * interests of justice". In *Boslov* v. *Boslov* (177 Misc. 817, 819, affd. 264 App. Div. 943), it was held that "a failure to present a defense based upon facts which were known to the party at the time of the original action" could not authorize the vacating of a judgment. It was Safeco's decision not to present a defense which it knew was available, and we find no reason to relieve it from the result of its own decision.

### CORNWELL V. SAFECO

Next, we have the question of whether the judgment obtained by Cornwell and Ross against Safeco was founded upon a valid cause of action, whether the evidence was sufficient to sustain the verdicts and whether there were errors committed during the course of the trial which require a reversal.

Safeco, having undertaken to defend Cornwell and Ross, owed them a duty to exercise due care and good faith in doing so. This included the duties of producing in court all witnesses necessary for the protection of their interests and to assert every proper and available defense on their behalf (*Jewtraw* v. *Hartford Acc. & Ind. Co.*, 280 App. Div. 150, 153; *American Employers Ins. Co.* v. *Goble Aircraft Specialties*, 205 Misc. 1066, 1075). When Safeco undertook the joint defense of several parties with adverse or conflicting interests, it assumed the risk that it could not afford all a fair and impartial defense, and its

failure to fully protect the interests of certain defendants in order to obtain an apparent advantage for other defendants or for itself rendered it liable for the damages naturally resulting from such conduct (*New York Cons. R. R. Co.* v. *Massachusetts Bonding & Ins. Co.*, 193 App. Div. 438, 441, 444, affd. 233 N. Y. 547; *Smoral* v. *Hanover Ins. Co.*, 37 A D 2d 23).

Cornwell and Ross were sued only because of Cornwell's alleged partnership with Bodwitch and because Bodwitch said he was on their business at the time of the accident. The proper and obvious defense to assert in their behalf was to introduce evidence that Cornwell and Bodwitch were not partners, and that Bodwitch was not on the business of the alleged partnership or on the business of Ross at the time of the accident. Although the evidence indicates that Safeco and the attorney retained by it knew before the trial that Cornwell denied the existence of the partnership and also denied that Bodwitch was on Cornwell's or Ross' business, Safeco neither disclosed to Cornwell its intention of asserting only the steering defect defense and abandoning his and Ross' separate defense, nor retained separate counsel to represent Cornwell's and Ross' interests. Cornwell's and Ross' counsel failed to cross-examine Bodwitch on his testimony that he was on their business; and did not call Cornwell to testify in his own behalf that he and Bodwitch were not partners and that Bodwitch was not on Cornwell's or Ross' business at the time of the accident so as to create an issue of fact for the jury with respect to such issues.

By its conduct in abandoning the defense which was available to Cornwell and Ross, Safeco breached the duty of due care and good faith which it owed them and rendered itself liable for the damages resulting therefrom.

Since there was testimony to support Cornwell's claim that Safeco owed him and Ross a duty to defend them, that Safeco knew long before trial that a defense was available which was sufficient to absolve them of liability but decided not to use the. defense on trial because it might be harmful to the cause of another defendant, and that such failure to defend Cornwell and Ross resulted in a judgment against them in excess of the policy limits, the evidence was sufficient to support the jury's verdict. The question of whether Cornwell and Ross were contributorily negligent in their actions was for the jury, and its finding, implicit in the verdict, that there was no contributory negligence should not be disturbed (*Wartels* v. *County Asphalt*, 29 N Y 2d 372, 379). "It is familiar law that a jury verdict should be set aside only where it seems palpably wrong and it

can be plainly seen that the preponderance is so great that the jury could not have reached their conclusion upon any fair interpretation of the evidence. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.09.) '' (*Kimberly-Clark Corp.* v. *Power Auth. of State of N. Y.*, 35 A D 2d 330, 335; *Dashnau* v. *City of Oswego*, 204 App. Div. 189, 192.) The court properly exercised its discretion in refusing to set aside the verdict.

Safeco's contention that a new trial is required because the trial court erred in receiving the testimony of an attorney as an expert witness concerning the duties of an attorney to his client, in receiving testimony that Safeco did not make any settlement offer, and while setting forth the parties' contentions in its charge in stating that Safeco admitted that Cornwell told it that Bodwitch was not on the business of the partnership is without merit.

In its charge the court stated that experts are called by parties because of their special knowledge pertaining to particular things and told the jury that it could accept or reject such testimony and that the jury need not give it any more weight than that of any other witness.

The admission of testimony concerning Safeco's failure to make any settlement offer, even though not proper evidence under the theory of plaintiffs' action, was harmless error and does not justify a new trial.

The statement by the court in its charge concerning Safeco's admission of Cornwell's statement, although erroneous, was cured by the court's further statement to the jury that in stating the contentions of the parties, it did not mean to indicate what it believed the facts to be or how the case should be decided and that the determination of the facts was entirely within the province of the jury. As we said in *Kimberly-Clark* (*supra,* p. 336) : '' ' Errors are almost inevitable in any trial, improprieties almost unavoidable, but the presence of one or the other furnishes no automatic signal for reversal and retrial.' (*People* v. *Kingston,* 8 N Y 2d 384, 387). A party is entitled to a fair trial but not a perfect one (*Lutwak* v. *United States,* 344 U. S. 604, 619).''

The award of damages in excess of the policy limits was not error. Once Safeco assumed the duty of defending Cornwell and Ross, its responsibility was to conduct the defense with due care and in utmost good faith, and it was '' liable for damages resulting to the insured by reason of its negligence in performing such duty '' (31 N. Y. Jur., Insurance, § 1326). Where the insurer fails to conduct its defense of the insured in accord

with its obligations, it may be held liable for damages resulting from its actions, although they exceed the policy limits (*McAleenan* v. *Massachusetts Bonding & Ins. Co.*, 232 N. Y. 199; *Cappano* v. *Phoenix Assur. Co. of N. Y.*, 28 A D 2d 639). The holding in *Gordon* v. *Nationwide Mut. Ins. Co.* (30 N Y 2d 427) cited by Safeco is not to the contrary. In Gordon, the insurance company promptly withdrew from defending a negligence claim upon its discovery that it had mailed its insured, whom it had been defending against the claim, a "notice of cancellation" of the policy prior to the date of the accident. The court found that although the withdrawal was wrongful under the circumstances, the insured had sufficient time to retain private counsel to defend himself or at least to protest the withdrawal of coverage. However, "from the moment [the insurer] advised him that * * * it would withdraw from the defense of the case, [the insured] showed no interest whatever in the consequences to him or to anyone else." Unlike the assured in *Gordon,* Cornwell and Ross wanted to interpose a defense and were precluded by Safeco's attorney from doing so and had no reasonable opportunity to retain other counsel.

The award of damages to Cornwell and Ross for their costs in retaining an attorney to appeal the first case upon refusal of Safeco to do so, was proper. In *Kaste* v. *Hartford Acc. & Ind. Co.* (5 A D 2d 203, 204), the court stated: "The covenant to defend embraces the duty to prosecute an appeal from a judgment against an insured 'where there are reasonable grounds for appeal.' (*Grand Union Co.* v. *General Acc., Fire & Life Assur. Corp.*, 254 App. Div. 274, 281, affd. 279, N. Y. 638.)" Although the appeal was unsuccessful, this was due to the failure of their trial counsel in the first case, retained for them by Safeco, to introduce testimony contradicting that of Bodwitch concerning his relationship with them and that he was on their business at the time of the accident, and by counsel's failure to make proper exception to the court's charge to the jury.

The court charged that if the jury found that Cornwell and Ross were entitled to recover because there was no partnership and Bodwitch was not on their business, then they were also entitled to the cost of the appeal, treating such cost in essence as an element of damages in the conflict of interests cause of action. Since the appeal by Cornwell and Ross was lost not on the merits of their substantive arguments but due to strategic and tactical errors made by trial counsel as a result of his conflict of interests, for which they were not responsible, the court was correct in ruling that the expense of such appeal

was occasioned by Safeco's actions and that Cornwell and Ross should have recovery for their expenses.

Safeco's contention, that the award of damages to Cornwell for injuries to his health was not justified and is excessive, is without substance. The court, in its charge on the question of whether the attorney retained by Safeco permitted himself to be placed in a position where he had a conflict of interests, spoke in terms of tort, instructed the jury on the definition of negligence and covered the question of contributory negligence on the part of the plaintiffs. Safeco's attorney made no request and took no exception concerning this. The court's instructions became the law of the case and the verdict was proper (*Schlansky* v. *Augustus V. Riegel, Inc.*, 9 N Y 2d 493, 497; *Olsen* v. *Chase Manhattan Bank*, 9 N Y 2d 829, 831; *Swensson* v. *New York, Albany Despatch Co.*, 309 N. Y. 497, 502; see Long, Law of Liability Insurance, § 5.19A). So far as excessiveness is concerned, the testimony of Cornwell's physician that Cornwell was in good health before the entry of the judgment and that after it he had specific mentioned illnesses was not contradicted, and the amount found was justified.

Safeco complains that the court erroneously awarded Cornwell interest at the rate of 7½% when the correct rate was 6%. CPLR 5003 provides that "every money judgment shall bear interest from the date of its entry" and CPLR 5004 provided, at the time the judgment was entered, that "interest shall be at the legal rate, except where otherwise prescribed by statute."[1] The "legal rate" of interest from March 11, 1969, when the judgments in the first case were entered, to May 25, 1972, when the judgment in favor of Cornwell and Ross was entered, was established by the banking board as 7½% and the court's action was proper (*Rachlin & Co.* v. *Tra-Mar, Inc.*, 33 A D 2d 370; Banking Law, § 14-a; General Obligations Law, § 5-501).

The contention of Cornwell and Ross that the court erred in dismissing their cause of action against Safeco for its failure to negotiate in good faith is without merit. The liability policy issued to Bodwitch by Safeco, the standard New York automobile form, gave Safeco complete control over the handling of all claims, including the decision of whether or not to compromise them, and Safeco was not required to settle them (*Auerbach* v.

---

1. CPLR 5004 was subsequently amended to read as follows, effective September 1, 1972: "Interest shall be at the rate of six per centum per annum except where otherwise provided by statute."

*Maryland Cas. Co.*, 236 N. Y. 247; *McAleenan* v. *Massachusetts Bonding & Ins. Co.*, 173 App. Div. 100, affd. 219 N. Y. 563).

There was no proof that Safeco ever received an offer to settle the underlying actions for an amount within its policy limits and the attorneys for the three plaintiffs admitted that they made no settlement demand. Also, there is no proof that Cornwell or Ross demanded that Safeco settle and that it pay out the limits of its coverage if necessary. (See, e.g., *Gordon* v. *Nationwide Mut. Ins. Co.*, 30 N Y 2d 427, 435, *supra*.) In any event, there is no proof of any bad faith or fraud on the part of Safeco in refusing to settle.

So far as Cornwell's and Ross' appeal from the trial court's dismissal of its action alleging Safeco's failure to exercise due care in the preparation and defense of the underlying actions is concerned, the court erred. Safeco, having undertaken the defense of Cornwell and Ross, was bound to use reasonable care in maintaining it (*New York Cons. R. R. Co.* v. *Massachusetts Bonding & Ins. Co.*, 193 App. Div. 438, affd. 233 N. Y. 547, *supra*; *McAleenan* v. *Massachusetts Bonding & Ins. Co.*, 173 App. Div. 100, affd. 219 N. Y. 563, *supra*; 31 N. Y. Jur., Insurance, § 1326). Plaintiffs set forth a good cause of action in alleging that the excess judgment resulted from negligence. The service of the answer admitting the allegations of a partnership between Cornwell and Bodwitch before consulting with Cornwell created a question of fact for the jury, as did the failure to object to some of the questioning of Bodwitch about whether or not he was on Cornwell's business, the failure to cross-examine Bodwitch, and the failure to call Cornwell to contradict Bodwitch's testimony in view of Cornwell's answer denying that Bodwitch was on the business of the other defendants at the time of the accident, all of which is in the record of the first trial. However, since the judgment recovered by plaintiffs can be sustained under the conflict of interests cause of action, the court's error was harmless.

The court's dismissal of the Cornwell and Ross causes of action for damages to their reputation and credit was proper. Cornwell admitted that he did not know of anyone who refused to do business with him or Ross because of the excess judgment and that, although he had some financial difficulties, his business continued to experience normal growth.

On the question of whether the court properly vacated that part of the June 15, 1972 judgment which granted Safeco $514.60 costs and disbursements and denied Safeco's motion to vacate the part of the May 25, 1972 judgment which granted plaintiffs

$493.90 costs and disbursements, we note that CPLR 8101 provides that "the party in whose favor judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to so allow would not be equitable, under all of the circumstances" and CPLR 8103 provides that "upon the recovery of a judgment in favor of the plaintiff, the court may award costs in the action to a defendant without denying costs to the plaintiff if it determines that a cause of action upon which the defendant prevailed is not substantially the same as any cause of action upon which the plaintiff recovered the judgment."

Under CPLR 8103 the cause of action upon which the defendant prevails must be different from the one in which plaintiff succeeds in order for defendant to be allowed costs, and an award of costs is in the discretion of the court (8 Weinstein-Korn-Miller, *supra,* par. 8103.07; 24 Carmody-Wait 2d, New York Practice, § 148:10).

The only actions of plaintiffs on which Safeco prevailed were failure to negotiate, lack of care and loss of credit. These and the causes successfully maintained by plaintiffs all arose out of one basic set of facts. In view of the over-all situation and the existing equities, the trial court's decision was proper and, in any event, being a matter of discretion should not be disturbed (*Moore* v. *Le Maire,* 169 App. Div. 154, 158).

The judgments and orders should be affirmed in all respects.

DEL VECCHIO, J. P., MARSH, SIMONS and HENRY, JJ., concur.

Judgment and orders (Appeal No. 1) unanimously affirmed with costs.

Judgment and order (Appeal No. 2) unanimously affirmed.

Order (Appeal No. 3) unanimously affirmed with costs.