■ GREATER NEW YORK SAVINGS BANK, Respondent-Appellant, v GREGORY STAVROPOULOS, Appellant-Respondent.—In a foreclosure action, (1) defendant appeals from a purported order of the Supreme Court, Queens County, entered December 1, 1967 (there exists no such order; the appeal by defendant appears to be from a judgment of foreclosure and sale, dated February 1, 1968, which judgment, however, has since been vacated) and (2) plaintiff cross-appeals (a) from an order of the same court, dated November

24, 1975, which, after a hearing, vacated the said judgment of foreclosure and sale, and (b) as limited by its brief, from so much of a further order of the same court, dated June 24, 1976, as denied its "cross-motion" for a new hearing based upon newly discovered evidence. Appeal by defendant dismissed as academic, without costs or disbursements. Order dated November 24, 1975, affirmed, without costs or disbursements. Order dated June 24, 1976 modified by deleting therefrom all of the language which appears after the words: "Defendant's motion is denied", and by substituting therefor a provision that the resolution of the motion is made without prejudice to a formal motion by plaintiff for a new hearing on the basis of newly discovered evidence. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The order dated November 24, 1975, which vacated the judgment of foreclosure and sale after a hearing on the issue of personal service, was properly made. However, Special Term erred in subsequently deeming answering affidavits by plaintiff to an unrelated motion by defendant as a cross motion for a new hearing based upon newly discovered evidence, and then denying that "cross motion". Plaintiff's answering affidavits were not intended by it to constitute a formal motion to reopen, which motion was then being contemplated; its investigation of the matter had not yet been completed and what evidence it had discovered since the time of the hearing was not even appended to the affidavits. Plaintiff should therefore be given an opportunity to formally move for a new hearing on the basis of all allegedly newly discovered evidence in its possession, which should be appended to its motion papers. Plaintiff will, of course, have to establish, *inter alia,* that the newly discovered evidence does not merely impeach defendant's credibility, but is material to the issues and would probably change the result if a new hearing were granted (see *Cornwell v Safeco Ins. Co. of Amer.,* 42 AD2d 127, 134). Hopkins, J. P., Margett, Damiani and Rabin, JJ., concur.